Day, J.
The original proceeding was before the county commis¡s'ioners, and was for the vacation of a part of a county road, The application for vacation was under section 4661, Revised Statutes; was made by twelve or more freeholders of ■the county — they so subscribed themselves in the application — but it does not appear that they were residents of the vicinity or part of the county in which the road proposed to be vacated was located. The application stated good reasons for vacating, and was also read at a regular ■session of the commissioners, was continued to the next .-session and heard again, when objection was made in writing .by a number of persons, including Smith, the plaintiff in ■error; whereupon, as the law provides, the commissioners ¡appointed viewers to view the road and report their opinion .-as to whether the road ought to be vacated or not, which 4hey did, favoring a vacation of part of the road. The report of the viewers was approved, and the'jcommissioners *252 adopting the opinion of the viewers, as expressed in their report, that the road should be vacated, made an order to that effect.
Bernard Smith, one of the objectors to the proposed vacation, gave notice of his intention to appeal the matter to the probate court. He caused a bond to be executed to the state of Ohio, for the use of Mercer county, in a proper sum, signed by two other gentlemen than himself, neither of whom were parties to the proceeding. The bond was approved by the auditor, who, upon its filing, at once sent the original papers and a transcript of the proceedings and order to the probate court. The case was docketed in the probate court by styling the applicants for vacation plaintiffs and Bernard Smith defendant, and a day set for the hearing, within twenty days from such docketing. On the day set for hearing the probate court heard the matter, and, notwithstanding the usual number of motions, objections, and exceptions, found the proceeding before the commissioners, prior to the appeal, substantially regular, and legal, and affirmed the orders of the commissioners, and entered judgment against the ippellant for all the costs created by the appeal. Smith excepted to the action of the court, and took a bill of exceptions embodying all the evidence produced to the court on the hearing, and filed it and a petition in error in the court of common pleas. On hearing, the common pleas affirmed the judgment of the probate court, and Smith now brings the case here, by petition in error, and seeks a reversal of both the lower courts, and also-of the judgment of the county commissioners ordering the-vacation of part of the county road.
Numerous errors of fact and of law are assigned in the-petition in erorr. Very many of them do not arise on the-record, are not before us, and we have not noticed them. Others there are, arising on the record, which we have not found it necessary to consider, as the commanding and con *253 trolling question- — -and which we regard as decisive of the Case — is the one as to the jurisdiction of the CDmmissioners, under section 4661, Revised Statutes, to make the order of vacation on the facts appearing in the application and record.
Had the commissioners jurisdiction to make the order of vacation ?
Counsel for petitioners, defendants in error, seek to avoid this question, and argue that it is not before the court, for the reason that this is a proceeding in error to the probate court, and that court was without authority to make any order - in the matter, as no appeal was effected to that court, no proper bond having been given, as required by the law, to perfect an appeal, and no matter what action was taken by the court, it was a nullity in no wise affecting the action of the commissioners, which is left standing and valid, unimpeached and unimpeachable, by a proceeding in error from some other court or tribunal. It is also urged, that, if the court shall hold that an appeal was accomplished, then all the parities to the proceeding are not made parties to the action in error, and that is a fatal omission, so that, in fact, no action in error is pending in this court.
Section 4689, Revised Statutes, relating to appeals in such cases provides, that in order to perfect an appeal, a bond shall be given by the party desiring to appeal, with sufficient sureties, and made payable to the state of Ohio, and it is urged that neither of the requirements has been complied with, and hence, an appeal not accomplished. The bond is for the use of Mercer county — is payable to the state of Ohio for the use of Mercer county, and it does not appear in the bond that either of the signers are sureties — indeed, it is recited in the bond that they are all appellants or principals. It is to be admitted that the bond, and, as well, the entire record, is somewhat defective in form. That is a condition that may be regarded as normal in many of the lower courts, and, possibly, furnishing a reason for the *254 rule that the proceedings and judgments of such tribunals are not to be regarded or construed with undue strictness, but liberally, especially in matters of appeal and all matters remedial in their character. If we apply this rule, and liberally construe this proceeding and the law providing for an appeal, as we are required to do, and considering the provisions of the statute with reference to amending a bond that is insufficient in form or amount, allowing an additional or new bond where a defective, good-faith bond has been executed, we reach the conclusion that the bond will pass inspection, and is sufficient. The words “for the use of Mercer county, “may be regarded and treated as surplusage, and that two of the.signers are sureties, we think, may be fairly inferred from facts appearing from an inspection of the record and bond. Two of the signers did not appear to have been parties entitled to appeal, and the statement in the bond that they are appellants is a mis-statement. Smith, alone, gave notice of appeal. His name appears first in the bond, and the probate court, presumably in the discharge of an official duty, docketed the case, as the law requires, correctly by naming Smith as the only appellant, defendant. We conclude that a fair rendering of the situation, as apparent form the record and bond, would be, that Smith was the only appellant, and therefore principal, and the other .two, sureties on his bond for appeal. In furtherance of this view is the fact appearing that the auditor approved the bond as sufficient. If this is correct, it also answers and disposes of the suggestion, that all the parties in interest áre not parties to the proceeding in error.
Section 4690, Revised Statutes, provides that the probate court shall docket the case, and shall style the petitioner, plaintiff, and the appellants defendants. The legal presumption is that the probate judge has done his duty, and obeyed the law. He named Smith as the only appellant and defendant. It appears Smith was, in fact, the only *255 appellant, and of necessity the only defendant in the appeal; all the other objectors and protestors quit the combat and dropped out, satisfied with the judgment of the commissioners; and Smith was the only one desiring to continue the contest. He was the only defendant in the probate court, and is the only necessary party in error, other than the petitioners, who are also made parties defendant to the action in error. The suggestion of counsel, therefore, in avoidance of the question of jurisdiction in the commissioners to make the order of vacation, is disallowed, and the question recurs: Had the commissioners jurisdiction to make the order of vacation ?
We are aware of the rule that all presumptions of law are in favor of the validity of the judgment and orders of the inferior courts and tribunals. But that presumption only arises where it affirmatively appears in the record that the court or tribunal had jurisdiction of the subject matter of the action or proceeding, and of the parties litigant. When the record shows jurisdiction in the court or tribunal, and does not show some prejudicial error in the proceedings, then in such case the legal presumption arising sustains the judgment or order, but not otherwise. Then the precise question we have is, does it affirmatively appear, in the record in this case, that the commissioners had jurisdiction over the parties and the subject-matter?
Section 4661, Revised Statutes, providing for the vacation of roads, among other things, provides: that any twelve freeholders residing in the part of the county where such road is, may make application for tne vacation of the same. Any kind of freeholders of the county may not make the application, and are not proper petitioners. Only freeholders living in the vicinity of the road proposed to be vacated are proper petitioners; and an application by twelve such freeholders is imperatively necessary to confer jurisdiction on the commissioners; and the fact of residence in the vicinity *256 must appear in the record of tbe’proceeding. It is, perhaps, not absolutely necessary that the fact of residence in the vicinity should be stated in the written application, although that would be best; it would be sufficient, possibly, if the commissioners find the fact by entry on their journal. But the fact must appear somewhere in the record, else the commissioners have no right or warrant in law, to order a view or vacation of any established county road.
Le Bland, Loughndge & Sohlosser, for Smith.
Armstrong &' Johnson, for Frenzer et al.
In this case the fact of residence in the vicinity of the road proposed to be vacated, of the petitioners for vacation, does not appear of record in any proper place, either by a finding of the commissioners entered in the record, or in the original application. We regard this as a fatal omission; leaving the record in the condition that it does not show affirmatively jurisdiction in that board. We are not at liberty to presume jurisdiction, nor was the probate or common pleas court. Jurisdiction not appearing, there was no lega1 presumption arising to sustain the judgment or order, and it seems to follow, per force, that the judgment or order was unauthorized by the board.
The probate court should have dismissed the proceeding for want of jurisdiction in the commissioners to make the order of vacation; and it was error, in that court, to affirm the order of the commissioners; and the common pleas was in error in affirming the judgment of the probate court. The judgment of both these courts is reversed, with costs. And this court making the order the probate court should have made, dismisses the proceeding before the commissioners for want of jurisdiction appearing in the record.